UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENA Y. HICKMAN,<br>Plaintiff,<br>-against-<br>META PLATFORMS, INC.,<br>Defendant. | 25-CV-4607 (LTS)<br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brought this action *pro se*. By order dated June 11, 2025, and entered on the docket on June 16, 2025, the Court transferred this action to the United States District Court for the Northern District of California. (ECF 11.) The Clerk of Court transmitted the action to the Northern District of California on June 25, 2025, and that court acknowledged receipt of the action on June 27, 2025. Almost five months after the action in this court was closed, on November 22, 2025, Plaintiff filed in this court: (1) an "Emergency Motion for Retaliation and Acts of Violence" (ECF 15); (2) an "Emergency Motion" filed "Because of Retaliation Acts of Violence by the Defendant and their law firm, Plaintiff forced out of Antonio Olivieri Drop-In Center" (ECF 16); and (3) a "Motion" asking the "Defense Attorney To Provide The State And Federal Laws That Drugging Me Is A Legal Practice To Do" (ECF 17).

**DISCUSSION**

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case).

The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the

transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969).[1] *See also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (explaining that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this transferred action on June 27, 2025, and Plaintiff's motions (ECF 15-17) were filed almost five months later, on November 21, 2025. This Court was already divested of jurisdiction when Plaintiff filed her motions, and the motions do not show any reason why this Court retains jurisdiction. Any further relief in this action must be sought in the transferee court.

**CONCLUSION**

The Court lacks jurisdiction to consider Plaintiff's motions (ECF 15-17) and therefore denies the motions and directs the Clerk of Court to terminate the motions on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

[1] Moreover, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *In re Robinson*, 198 F. App'x 71, 72 (2d Cir. 2006).

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 17, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge